UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAMILL, LLC,
a Michigan limited liability company,
doing business as PC SERVER AND PARTS,

    Plaintiff,

vs.

Case No. 21-
Hon.

COMPUCYCLE, INC.
a Texas corporation,

    Defendant.
_____

FRANK & FRANK LAW
By:  JONATHAN B. FRANK (P42656)
JANETTE E. FRANK (P42661)
Attorneys for Plaintiffs
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302-1461
(248) 723-8691
jonfrank@frankandfranklaw.com
janfrank@frankandfranklaw.com
_____

# COMPLAINT

1.    Plaintiff Gramill, LLC, doing business as PC Server and Parts ("PC Server"), is a purchaser and reseller/recycler of used computer equipment.

https://pcserverandparts.com/

2.    PC Server is a Michigan limited liability company with its principal place of business in New Hudson, Oakland County, Michigan.

3. The members of PC Server are residents of Michigan, New York, Ohio, Illinois and Florida.

4. Defendant CompuCycle, Inc. ("CompuCycle") is a Texas corporation with its principal place of business in Houston, Harris County, Texas.

5. CompuCycle is also a reseller and recycler of used computer equipment.  https://compucycle.com/

6. PC Server and CompuCycle have a history of doing business together that dates back to 2017.

7. CompuCycle tries to win business from customers who have an inventory of used computer equipment to dispose of.

8. The customer typically sends out a request for quote ("RFQ").

9. To generate a bid to win this business, CompuCycle would typically then solicit pricing from PC Server.

10. In PC Server's pricing schedule, PC Server would commit to prices at which it would buy inventory from CompuCycle should CompuCycle be the successful bidder.

11. Armed with this commitment from PC Server, CompuCycle would then create its bid and submit its bid to the customer.

12. If the customer awards the contract to CompuCycle, PC Server becomes contractually obligated to purchase some or all of inventory that

CompuCycle purchases from the customer, and CompuCycle becomes contractually obligated to sell this inventory to PC Server.

13. In short, it is PC Server's contractual obligation to CompuCycle that allows CompuCycle to confidently prepare its bid.

14. In this action, PC Server seeks to recover damages from CompuCycle for CompuCycle's breach of such a contract.

### *Jurisdiction and Venue*

15. The amount in controversy exceeds $75,000.

16. This Court has jurisdiction under 28 U.S.C. §1332(a)(1) because of diversity of citizenship.

17. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Michigan.

18. This action should be governed by Michigan law as specified in the contract between the parties.

### *Background Facts*

19. On October 13, 2020, CompuCycle emailed PC Server to tell PC Server about a customer that had sent an RFQ to CompuCycle. Exhibit A.

20. CompuCycle stated that "we are an established vendor and in the event we can offer competitive pricing, we should be successful."

21. CompuCycle requested pricing from PC Server when CompuCycle wrote, "[p]lease call me if you are interested in this equipment."

22. On October 22, 2020, PC Server responded, offering its pricing and payment terms. Exhibit B.

23. On October 22, 2020, CompuCycle accepted this offer. Exhibit C.

24. CompuCycle wrote that "[t]his is very exciting and we look forward to submitting an offer tomorrow. Will advise as soon as we hear back from our client."

25. Once that email was sent, CompuCycle knew that PC Server was bound to purchase inventory at the prices listed on Exhibit B and could therefore confidently prepare and submit its bid to its customer.

26. On November 5, 2020, CompuCycle notified PC Server that "we have made it to the second round of this RFI." Exhibit D.

27. During the week of November 9, 2020, CompuCycle prepared and submitted its bid to its customer.

28. At the end of November, 2020 CompuCycle notified PC Server that CompuCycle was the successful bidder.

29. As of that notification, all contingencies were removed, all conditions precedent were performed, CompuCycle became obligated to sell, and PC Server became obligated to purchase the stated inventory at the stated prices.

4

30. CompuCycle told PC Server that actual work on the project would begin in January or February, 2021, and would be done in phases.

31. On January 21, 2021, PC Server emailed CompuCycle to say that its "team has been working to get setup for this project…". Exhibit E.

32. That same day, CompuCycle responded with a voicemail and email confirming that "[t]he project will commence February. Our client has delayed the project for various reasons, however, am told we can begin next month." Exhibit F.

33. On February 4, the parties conducted a 70-minute video tour of the facility to identify specific equipment. The purpose of the tour was to inventory the available equipment in precise detail to allow performance of the contract.

34. CompuCycle told PC Server that the project would start on February 16, 2021.

35. PC Server contacted CompuCycle with instructions about what inventory should be shipped first and how it should be shipped.

36. On February 9, 2021, CompuCycle requested the initial payment of $500,000.

37. This request is further evidence of the existence of a contract.

38. PC Server then issued a purchase order and awaited payment instructions.

39. CompuCycle did not provide payment instructions.

87342/20059.0001

40. Instead, and in breach of the parties' contract, CompuCycle found another buyer for the inventory.

41. On March 2, 2021, CompuCycle unequivocally informed PC Server that it would not perform.

## COUNT ONE – BREACH OF CONTRACT

42. PC Server incorporates the previous allegations.

43. CompuCycle breached its contractual obligation to PC Server.

44. As a proximate result, PC Server has been damaged in an amount in excess of $75,000, including incidental and consequential damages such as lost profits.

WHEREFORE, PC Server requests a judgment against CompuCycle in an amount in excess of $75,000, plus interest, attorney fees, and costs.

FRANK AND FRANK LAW

*/s/ Jonathan B. Frank*
JONATHAN B. FRANK (P42656)
JANETTE E. FRANK (P42661)
Attorneys for Plaintiffs
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan  48302-1461
(248) 723-8691
jonfrank@frankandfranklaw.com
janfrank@frankandfranklaw.com

Dated:  April 14, 2021